**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

JERRY BEEMAN AND PHARMACY SERVICES, INC., doing business as Beemans Pharmacy; ANTHONY HUTCHINSON AND ROCIDA INC., doing business as Finleys Rexall Drug; CHARLES MILLER, doing business as Yucaipai Valley Pharmacy; JIM MORISOLI AND AMERICAN SURGICAL PHARMACY INC., doing business as American Surgical Pharmacy; BILL PEARSON AND PEARSON AND HOUSE, on behalf of themselves and all others similarly situated and on behalf of the general public; doing business as Pearson Medical Group Pharmacy,

*Plaintiffs-Appellees,*

v.

ANTHEM PRESCRIPTION MANAGEMENT, LLC; ARGUS HEALTH SYSTEMS, INC.; BENESCRIPT SERVICES, INC.; FFI RX MANAGED CARE; FIRST HEALTH SERVICES CORPORATION; MANAGED PHARMACY BENEFITS, INC., formerly known as Cardinal Health MPB Inc.; NATIONAL MEDICAL HEALTH CARD SYSTEMS, INC.; PHARMACARE MANAGEMENT SERVICES, INC.;

No. 07-56692

D.C. No. CV-04-00407-VAP Central District of California, Riverside



PRIME THERAPEUTICS; RESTAT CORPORATION; RX SOLUTIONS, INC.; TMESYS, INC.; WHP HEALTH INITIATIVES, INC.; MEDE AMERICA CORP.,
*Defendants-Appellants.*

JERRY BEEMAN AND PHARMACY SERVICES, INC., doing business as Beemans Pharmacy; ANTHONY HUTCHINSON AND ROCIDA INC, doing business as Finleys Rexall Drug; CHARLES MILLER, doing business as Yucaipai Valley Pharmacy; JIM MORISOLI AND AMERICAN SURGICAL PHARMACY INC., doing business as American Surgical Pharmacy; BILL PEARSON AND PEARSON AND HOUSE, on behalf of themselves and all others similarly situated and on behalf of the general public; doing business as Pearson Medical Group Pharmacy,
*Plaintiffs-Appellees,*

v.

TDI MANAGED CARE SERVICES, INC., doing business as ECKERD HEALTH SERVICES; MEDCO HEALTH SOLUTIONS, INC.; EXPRESS SCRIPTS, INC.; ADVANCE PCS, Advance PCS Health, L.P.; RX SOLUTIONS, INC.,
*Defendants-Appellants.*

No. 07-56693

D.C. No. CV-02-01327-VAP
Central District of California, Riverside

ORDER

Filed June 6, 2012

Before: Alex Kozinski, Chief Judge, Harry Pregerson,
Diarmuid F. O'Scannlain, Sidney R. Thomas,
Kim McLane Wardlaw, William A. Fletcher,
Ronald M. Gould, Marsha S. Berzon, Johnnie B. Rawlinson,
Richard R. Clifton and N. Randy Smith, Circuit Judges.

## ORDER

This appeal requires us to decide whether a California statute, Civil Code section 2527, compels speech in violation of the California Constitution. The statute requires drug claims processors to generate studies about pharmacy pricing, summarize the results and disseminate the information to their clients. The three intermediate California appellate courts and the two state trial courts that have addressed this question have held that the reporting requirement of section 2527 violates article I, section 2 of the California Constitution. *See ARP Pharmacy Servs., Inc. v. Gallagher Bassett Servs., Inc.*, 138 Cal. App. 4th 1307 (2006); *A.A.M. Health Grp., Inc. v. Argus Health Sys., Inc.*, No. B183468, 2007 WL 602968 (Cal. Ct. App. Feb. 28, 2007); *Bradley v. First Health Servs. Corp.*, No. B185672, 2007 WL 602969 (Cal. Ct. App. Feb. 28, 2007). Ordinarily, the *Erie* doctrine, *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), would have required our court to "follow the decisions of [the] intermediate state courts," *Stoner v. N.Y. Life Ins. Co.*, 311 U.S. 464, 467 (1940), but here the panel majority was convinced that the California Supreme Court would decide the question differently. The panel majority concluded that the California Supreme Court would interpret its free speech clause by relying on federal judicial interpretations of the First Amendment to the U.S. Constitution, and conclude that the "statute is constitutional under the First Amendment." *See Beeman v. Anthem Prescription Mgmt., LLC*, 652 F.3d 1085, 1095, *reh'g en banc*

*granted*, 661 F.3d 1199 (9th Cir. 2011). Where there is no conflict between state courts of appeal, "[d]ecisions of every division of the District Courts of Appeal are binding upon all the justice and municipal courts and upon all the superior courts of this state." *Auto Equity Sales, Inc. v. Superior Court*, 57 Cal. 2d 450, 455 (1962). Therefore, were the panel holding to stand without the California Supreme Court deciding the question, plaintiffs would be able to sue in federal court to enforce the state statute, but could not sue in state court to enforce the very same statute.

To resolve the classic pre-*Erie* problems of forum shopping and inconsistent enforcement of state law, a majority of the active judges of our court voted to rehear this appeal *en banc*, for the principal purpose of certifying the question to the California Supreme Court. Because the constitutionality of a California legislative enactment under the California Constitution's liberty of speech clause will determine the outcome of this appeal, we respectfully request that the California Supreme Court exercise its discretion to accept and decide the certified question below.

## I. Question Certified

Pursuant to Rule 8.548 of the California Rules of Court, we request that the California Supreme Court answer the following question:

> Does California Civil Code section 2527 compel speech in violation of article I, section 2 of the California Constitution?

We understand that the Court may reformulate our question, and we agree to accept and follow the Court's decision.

## II. Background

The California legislature enacted California Civil Code sections 2527 and 2528 in 1982 at the behest of the California

Pharmacists Association. These stand-alone statutory provisions mandate research and reporting requirements for prescription drug claims processors. But unlike disclosure laws, they do not mandate disclosure to the public; rather, section 2527 requires claims processors to privately generate and produce information about third parties to their clients. "A 'prescription drug claims processor,' [is] any nongovernmental entity which has a contractual relationship with purchasers of prepaid or insured prescription drug benefits, and which processes, consults, advises on, or otherwise assists in the processing of prepaid or insured prescription drug benefit claims submitted by a licensed California pharmacy or patron thereof." Cal. Civ. Code § 2527(b). The statute requires prescription drug claims processors to "identif[y] the fees, separate from ingredient costs, of all, or of a statistically significant sample, of California pharmacies, for pharmaceutical dispensing services to private consumers," every two years. *Id.* § 2527(c). It also requires them to transmit that information "to the chief executive officer or designee, of each client for whom it performs claims processing services." *Id.* § 2527(d). Section 2528 specifies remedies for section 2527 violations.

Plaintiffs are the owners of five California retail pharmacies. Plaintiffs filed class action complaints against defendant prescription drug claims processors[1] in the Central District of California in 2002 and 2004 (the *Beeman* cases) alleging, among other things, that Defendants failed to comply with the reporting requirements of section 2527. The district court dismissed the cases for lack of standing without reaching the merits. While Plaintiffs' appeal of the standing issue was pending in our court, three of the five plaintiffs sued some, but not all, of the defendants in Los Angeles Superior Court, again alleging violations of section 2527. The California Court of Appeal affirmed the trial court's dismissal of the suit

[1]Defendants dispute the allegation that they are "prescription drug claims processors" under section 2527(b), but that issue is not contested in this appeal.

in an unpublished opinion and declared section 2527 unconstitutional under article I, section 2 of the California Constitution. *See Bradley*, 2007 WL 602969. The *Bradley* court relied on *ARP Pharmacy*, 138 Cal. App. 4th at 1312, in which the Court of Appeal also found section 2527's reporting requirements unconstitutional. The California Supreme Court denied review of *Bradley* on June 13, 2007.

In the *Beeman* cases, the Ninth Circuit panel concluded that Plaintiffs had standing, reversed the district court and remanded for further proceedings. *See Beeman v. TDI Managed Care Servs., Inc.*, 449 F.3d 1035, 1037 (9th Cir. 2006). On remand, Defendants moved for judgment on the pleadings, arguing that section 2527 unconstitutionally compels speech in violation of both the United States and California Constitutions. Defendants based their constitutional arguments on the decisions in *Bradley*, *ARP*, and *A.A.M.* Each of those California Court of Appeal decisions holds the reporting requirement of section 2527 unconstitutional under article I, section 2 of the California Constitution. Denying Defendants' motions, the district court concluded that there was "convincing evidence" that the California Supreme Court would not follow the holdings of the intermediate appellate courts. Defendants then filed this interlocutory appeal.

The majority of a three-judge panel of this court also declined to follow the intermediate California court decisions striking down section 2527 as unconstitutional under California's free speech clause. Instead, it independently assessed the constitutionality of the statute under First Amendment principles, reasoning that the California Supreme Court would decide the state constitutional question "by relying, primarily, if not exclusively, on First Amendment precedent." *Beeman*, 652 F.3d at 1094. The majority identified two critical errors in the Court of Appeal decisions that it was convinced the California Supreme Court would not make: (1) giving insufficient weight to *Rumsfeld v. Forum for Academic and Institutional Rights, Inc.*, 547 U.S. 47 (2006) ("*FAIR*"); and (2)

misinterpreting *Riley v. National Federation of the Blind of North Carolina, Inc.*, 487 U.S. 781 (1988).

The dissent argued (1) we were bound by the *Erie* doctrine to follow the California Court of Appeal decisions; (2) the California Supreme Court would not necessarily rely upon First Amendment jurisprudence to interpret its own state's constitutional free speech clause, which "enjoys existence and force independent of the First Amendment," *Gerawan Farming, Inc. v. Lyons*, 24 Cal. 4th 468, 489 (2000), and is "broader and more protective" than the First Amendment, *L.A. Alliance for Survival v. City of L.A.*, 22 Cal. 4th 352, 366 (2000); and (3) the California Courts of Appeal had in fact correctly analyzed First Amendment law and incorporated those principles into the decisions to strike down section 2527 under the California Constitution.

### III. Explanation of Certification

The outcome of this appeal is dictated by the scope of the free speech clause of the California Constitution as applied to section 2527. This constitutional question is critical to California's interest in consistent enforcement and interpretation of its constitution and laws in both state and federal courts. It is only because the panel's *Beeman* decision has been withdrawn that the result that section 2527 is enforceable in federal, but not state, courts has been avoided. The majority of the three judge panel acknowledged that this situation, if left in place, would lead to forum shopping and the inconsistent enforcement of state law. *See Erie*, 304 U.S. at 74-78. Without the California Supreme Court's examination of this question, the risk remains that the *en banc* court would follow the lead of the panel majority to the same end. If, of course, the California Supreme Court itself were to agree with the panel majority, then it too would conclude that the statute is constitutional, and its decision would control in California state and federal courts. The conflicting views of the law in the panel opinion illustrate the importance of this question in the con-

text of (1) whether our court is bound to follow the precedent of *ARP Pharmacy*, and (2) to what degree, if any, federal First Amendment precedent affects the constitutionality of section 2527 under California's free speech clause.

**A.**

The California Court of Appeal, in a published opinion, held that "the reporting requirement in Civil Code section 2527 violates the free speech rights of prescription drug claims processors." *ARP Pharmacy*, 138 Cal. App. 4th at 1312. Two unpublished opinions of the Court of Appeal reach the same conclusion.[2] "Where there is no convincing evidence that the state supreme court would decide differently, a federal court is obligated to follow the decisions of the state's intermediate appellate courts." *Ryman v. Sears, Roebuck & Co.*, 505 F.3d 993, 995 (9th Cir. 2007) (quotation, alteration and citation omitted).

The panel majority (and the district court) found that there was "convincing evidence" that the California Supreme Court would find section 2527's reporting requirement constitutional because it would apply First Amendment freedom of expression principles to interpret the free speech clause of the California Constitution. Free speech "[d]ecisions of the United States Supreme Court . . . are entitled to respectful consideration and ought to be followed unless persuasive reasons are presented for taking a different course." *Gallo Cattle Co. v. Kawamura*, 159 Cal. App. 4th 948, 959 (2008) (quoting *People v. Teresinki*, 30 Cal. 3d 822, 836 (1982)). One persuasive reason to deviate from federal precedent is if the "language and history" of the free speech clause suggests a

[2]Although they are not precedent under California Rule of Court 977(a), we may nonetheless rely on the unpublished opinions in *A.A.M.* and *Bradley* to "lend support" to the contention that *ARP Pharmacy* "accurately represents California law." *Emp'rs Ins. of Wausau v. Granite State Ins. Co.*, 330 F.3d 1214, 1220 n.8 (9th Cir. 2003).

different result than the First Amendment. *Gerawan*, 24 Cal. 4th at 511-13 (discussing, in a compelled speech case, the broad language of California's free speech clause as a persuasive reason not to follow federal First Amendment precedent). The panel majority did not analyze the language and history of the free speech clause, or give any weight to the fact that section 2527 presents a constitutional issue of first impression. *Cf. Gerawan*, 24 Cal. 4th at 511 (finding persuasive reasons not to follow federal precedent where "the precise issue . . . is one of first impression"). Instead, the majority decided that First Amendment law controlled. This conclusion was largely based on the *ARP Pharmacy* court's discussion of First Amendment commercial speech cases in its analysis of section 2527, despite numerous holdings that "[t]he state Constitution's free speech provision is at least as broad as and in some ways is broader than the comparable provision of the federal Constitution's First Amendment." *Kasky v. Nike, Inc.*, 27 Cal. 4th 939, 958-59 (2002) (quotation and citations omitted). The panel majority analyzed section 2527 under First Amendment precedent, found that it was not a restriction on speech that merited *any* level of constitutional scrutiny, and concluded that the *ARP Pharmacy*, *A.A.M.* and *Bradley* appeals were all decided incorrectly. Accordingly, the majority held that this court should not follow *ARP Pharmacy*.

The panel dissent argued that the government-mandated private speech required by section 2527 is unique and not squarely within the ambit of any federal or state precedent. For that reason, federal courts should be wary of constraining the scope of California's free speech clause, which "enjoys existence and force independent of the First Amendment." *Gerawan*, 24 Cal. 4th at 489; *L.A. Alliance*, 22 Cal. 4th at 366 ("This court, and the California Courts of Appeal, likewise have indicated that the California liberty of speech clause is broader and more protective than the free speech clause of the First Amendment."); *see also, e.g., Best Friends Animal Soc'y v. Macerich Westside Pavilion Prop. LLC*, 193 Cal. App. 4th 168, 174 (2011) ("Even though the First Amendment does not

protect the right to free speech in a privately owned shopping mall, the California Constitution does."). Even assuming that First Amendment law controls on this California constitutional matter, as explained below, the dissent concluded that there is no "convincing evidence" that the Supreme Court of California would uphold the constitutionality of section 2527 under federal precedent.

**B.**

The panel majority held that the Courts of Appeal, and particularly the *ARP Pharmacy* panel, made two errors that the Supreme Court of California would not repeat. But for those errors, the majority posited that the California courts, including the Supreme Court, would find 2527 valid without engaging in any level of constitutional scrutiny.

**1.**

The first error identified by the panel majority was the failure of the *ARP Pharmacy* court to acknowledge *FAIR*, 547 U.S. at 47. The *ARP Pharmacy* court reviewed the constitutionality of section 2527 under the strict scrutiny standard. 138 Cal. App. 4th at 1317. In contrast, the panel majority here held that under *FAIR* the compelled disclosure of pricing information under section 2527 was not subject to First Amendment analysis at all because it did not chill speech or affect the content of the purely factual speech at issue.

The dissent argued that the California courts had not erred in their analysis, because *FAIR* does not stand for the broad proposition that compelled statements of fact are immune from analysis under the First Amendment. *See FAIR*, 547 U.S. at 62 ("[T]hese compelled statements of fact ('The U.S. Army recruiter will meet interested students in Room 123 at 11 a.m.'), like compelled statements of opinion, are subject to First Amendment scrutiny."). Furthermore, the law at issue in *FAIR*, the Solomon Amendment, did not "dictate the content

of the speech at all." *Id.* The law compelled schools to give military recruiters the same access to students as other recruiters, and any resulting compelled speech on behalf of military recruiters was "plainly incidental to the Solomon Amendment's regulation of conduct." *Id.* Here, section 2527 is not part of a regulatory scheme. Its only purpose is to compel prescription drug claims processors to obtain or undertake studies about pharmacy pricing, summarize the results and supply them to their clients every two years. Cal. Civ. Code § 2527(c)-(d). Section 2527 is a stand-alone law that does nothing more than mandate the content and transmission of speech. The question is whether section 2527 is subject to some level of constitutional review because it compels speech in violation of California's free speech clause and the First Amendment. *See Sorrell v. IMS Health Inc.*, 131 S. Ct. 2653, 2667 (2011) ("This Court has held that the creation and dissemination of information are speech within the meaning of the First Amendment."); *id.* (citing Supreme Court cases holding that information on beer labels and credit reports is "speech").

**2.**

The panel majority also faulted the *ARP Pharmacy* court for determining, based on First Amendment precedent, that compelled disclosure of statistical information is a content-based regulation of speech. The *ARP Pharmacy* court reached this conclusion by applying Supreme Court precedent identifying compelled "speech that a speaker would not otherwise make" as a "content-based regulation of speech." *See ARP Pharmacy*, 138 Cal. App. 4th at 1315 (quoting *Riley*, 487 U.S. at 795). Because section 2527 requires "transmission of specific content," the Court of Appeal held that it was content-based regulation, and "[t]he fact that it is essentially statistical information does not make it less entitled to First Amendment scrutiny." *Id.* The majority rejected this interpretation of *Riley*, and held that it was constitutionally permissible to com-

pel factual speech as long as there was no direct chilling effect on protected speech.

The dissent argued that this conclusion by the majority was unsupported by any precedent and amounted to an assertion that the compelled dissemination of factual speech is not subject to any First Amendment scrutiny. Allowing the government free reign to compel speech as long as the speech is factual would open up almost all speech to regulation—"Facts, after all, are the beginning point for much of the speech that is most essential to advance human knowledge and to conduct human affairs." *See, e.g.*, *Sorrell*, 131 S. Ct. at 2667. No federal or California precedent supports the conclusion that compelled, factual, non-commercial speech is beyond the ambit of California's constitution.

We respectfully submit that the disagreement between the three-judge panel majority and district court on one hand, and the panel dissent and the California Courts of Appeal on the other hand, highlights the need for an authoritative decision on this question of California constitutional law.

## IV. Administrative Information

The names and addresses of counsel for the parties are listed in the appendix attached to this order. Cal. R. Ct. 8.548(b)(1). If the Supreme Court of California accepts this request, Appellants should be deemed the Petitioners. *Id.*

The Clerk shall file this order and ten copies, along with all briefs in this appeal with the Supreme Court of California; provide certificates of service to the parties; and provide additional record materials if so requested by the Supreme Court of California. *See* Cal. R. Ct. 8.548(c) and (d).

All further proceedings in our court are stayed pending receipt of the Supreme Court of California's decision. The en banc panel retains jurisdiction over further proceedings in this

BEEMAN v. ANTHEM PRESCRIPTION MANAGEMENT 6301

court. The parties shall notify the Clerk of this court within one week after the Supreme Court of California accepts or declines this request, and again within one week after it renders its decision.

**IT IS SO ORDERED.**

## APPENDIX

*Counsel for Plaintiffs-Appellees*

Michael A. Bowse
Browne George Ross LLP
2121 Avenue of the Stars, Suite 2400
Los Angeles, California 90067

Alan M. Mansfield
The Consumer Law Group
10200 Willow Creek Road, Suite 160
San Diego, California 92131

*Counsel for Defendant-Appellant Anthem Prescription Management LLC*

Thomas M. Peterson
Molly Moriarty Lane
Morgan Lewis & Bockius LLP
One Market, Spear Street Tower
San Francisco, California 94105

*Counsel for Defendant-Appellant Argus Health Systems, Inc.*

Benjamin J. Fox
Morrison & Foerster LLP
555 West Fifth Street, Suite 3500
Los Angeles, CA 90013

Michael I. Katz
Thomas Whitelaw & Tyler LLP
18101 Von Karman Ave, Suite 230
Irvine, CA 92612

*Counsel for Defendant-Appellant Benescript Services, Inc.*

Kent A. Halkett
Musick Peeler & Garrett, LLP

Stephen M. O'Brien III
SNR Denton US LLP
211 North Broadway, Suite 3000
St. Louis, MO 63102

*Counsel for Defendant-Appellant National Medical Health Card Systems, Inc.*

Marina N. Vitek
Roxborough, Pomerance & Nye & Adreani LLP
5820 Canoga Avenue, Suite 250
Woodland Hills, CA 91357

*Counsel for Defendant-Appellant Prime Therapeutics*

J. Kevin Snyder
Dykema Gossett LLP
333 South Grand Avenue, Suite 2100
Los Angeles, CA 90071

Brian D. Martin
Pillsbury Winthrop Shaw Pittman LLP
510 West Broadway, Suite 1100
San Diego, CA 92101

*Counsel for Defendant-Appellant Restat Corp.*

Sean M. Sherlock
Snell & Wilmer LLP
600 Anton Boulevard, Suite 1400
Costa Mesa, CA 92626

*Counsel for Defendant-Appellant Rx Solutions, Inc.*

Robert Arthur Muhlbach
Kirtland & Packard
2361 Rosecrans Avenue, 4th Floor
El Segundo, CA 90245

*Counsel for Defendant-Appellant Tmesys, Inc.*

Brett Linden McClure
Margaret Anne Grignon
Reed Smith LLP
355 South Grand Ave, Suite 2900
Los Angeles, CA 90071

*Counsel for Defendant-Appellant WHP Health Initiatives, Inc.*

Matthew Oster
McDermott Will & Emery
2049 Century Park East, Suite 3800
Los Angeles, CA 90067

*Counsel for Defendant-Appellant Mede America Corp.*

Neil R. O'Hanlon
Hogan Lovells US LLP
1999 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067

PRINTED FOR
ADMINISTRATIVE OFFICE—U.S. COURTS
BY THOMSON REUTERS—SAN FRANCISCO

The summary, which does not constitute a part of the opinion of the court, is copyrighted © 2012 Thomson Reuters.