UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 04-407-VAP (KKx)** | | **Date:** | August 15, 2016 |
|---|---|---|---|---|
| Title: | ***Jerry Beeman and Pharmacy Services, Inc., et al. v. Anthem Prescription Management, Inc., et al.*** | | | |

Present: The Honorable   KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE

| DEB TAYLOR | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:     Order Granting Defendants' Motion to Compel [Dkt. 434]**

On July 28, 2016, Defendants[1] filed a Motion to Compel proposed class representative Carrie McCarthy ("McCarthy") to produce documents and appear at a deposition ("Motion to Compel").  ECF Docket No. ("dkt.") 434.  Defendants also seek their reasonable expenses incurred in bringing the Motion to Compel.  Id.  McCarthy[2] failed to timely respond to Defendants' request to meet and confer pursuant to Local Rule 37-1 and has not filed an

---

[1] "Defendants" refers to the non-settling defendants Argus Health Systems, Inc., Benescript Services, Inc., FFI RX Managed Care, First Health Services Corporation d/b/a Virginia First Health Services Corporation, Mede America Corp., National Medical Health Card Systems, Inc., Pharmacare Management Services, Inc., Prime Therapeutics, Restat Corporation, RX Solutions, Inc., Tmsys, Inc., and WHP Health Initiatives, Inc.

[2] Counsel for Plaintiffs, Alan M. Mansfield of The Consumer Law Group, and Michael A. Bowse of Browne George Ross, LLP (collectively "Plaintiffs' Counsel" or "McCarthy's Counsel") purport to represent McCarthy by filing Objections to the Subpoena and communicating with defense counsel on her behalf.  See Declaration of Brian H. Newman in support of Motion to Compel ("Newman Decl."), Ex. E.  In light of the actions by Plaintiffs' Counsel and the fact that Plaintiffs' Counsel seeks to substitute McCarthy as the class representative, the Court concludes Plaintiffs' Counsel should be considered counsel for McCarthy for purposes of this Order.

Opposition to Defendants' Motion to Compel. <u>See</u> dkt. 434-2, Declaration of Christopher Chorba in support of Motion to Compel ("Chorba Decl."), ¶ 9. For the reasons set forth below, the Court GRANTS Defendants' Motion to Compel. The hearing set for August 18, 2016 is hereby VACATED.

# I.
# <u>BACKGROUND</u>

On April 1, 2016, Plaintiffs filed a motion for preliminary approval of a class settlement with defendant Managed Pharmacy Benefits, Inc. ("Settling Defendant"). Dkt. 389. On April 11, 2016, Plaintiffs filed a motion to substitute McCarthy for plaintiff Charles Miller d/b/a Medicine Shoppe because Mr. Miller died on October 12, 2010. Dkt. 393.

Defendants personally served McCarthy with a deposition subpoena requiring her to appear for deposition on May 25, 2016 and produce documents related to her eligibility to represent Mr. Miller's interests and the proposed class.[3] Newman Decl., ¶ 4, Ex. B. On May 19, 2016, Plaintiffs' Counsel informed Defendants' counsel McCarthy was not available for a deposition on May 25, 2016. Chorba Decl., ¶ 4. Plaintiffs' Counsel advised he would provide new dates by May 20, 2016. <u>Id.</u>

On May 20, 2016, Plaintiffs' Counsel served objections to the subpoena and document requests on behalf of McCarthy, but did not provide any proposed dates for a deposition. <u>Id.</u> at ¶ 5; Newman Decl., Ex. E.

On June 2, 2016, the parties stipulated to continue the hearings on Plaintiffs' motion for preliminary approval of class settlement and motion to substitute plaintiff in order to allow Defendants sufficient opportunity to conduct discovery concerning McCarthy prior to the hearings. Dkt. 410. On June 2, 2016, the Court granted the parties' request and the hearings were continued to July 25, 2016. Dkt. 411.

On June 8, 2016, Defendants' counsel sent Plaintiffs' Counsel a letter requesting to meet and confer pursuant to Local Rule 37-1 regarding the objections and possible dates for McCarthy's deposition. Newman Decl., ¶ 7, Ex. F.

On June 10, 2016,[4] McCarthy appeared at Defendants' counsel's office for her deposition without counsel. <u>Id.</u> at ¶ 8. Defendants' counsel informed McCarthy "the deposition was not going forward on June 10th, [and] that [he] had informed her attorney (Mr. Bowse) of this fact in writing." <u>Id.</u> McCarthy responded that "she had not spoken with Mr. Bowse 'in weeks,' and

---

[3] Defendants do not provide a proof of service of the subpoena on McCarthy and do not provide the date on which service was completed.

[4] It is unclear to the Court why McCarthy would have believed the deposition was scheduled for June 10, 2016, but it appears Defendants' counsel understood that at some point the parties had agreed to continue the deposition to June 10, 2016, but had since cancelled it.

had no idea that the deposition was not scheduled to go forward on June 10th." Id.  Defendants' counsel then informed Plaintiffs' Counsel via e-mail that McCarthy had erroneously appeared for her deposition earlier that day.  Id.

On July 11, 2016, Defendants' counsel provided Plaintiffs' Counsel with Defendants' portion of a joint stipulation in support of the instant Motion to Compel.  Chorba Decl., ¶ 9.

On July 15, 2016, the parties submitted a Joint Stipulation to continue the hearings on Plaintiffs' motions for class settlement approval and substitution from July 25, 2016 to August 29, 2016.  Dkt. 427.  In the Joint Stipulation, Plaintiffs' Counsel agreed "to provide the requested documents at least ten days before the scheduled deposition[], and complete the deposition[] by August 8, 2016." Id.  On July 18, 2016, the Court granted the parties' request and continued the hearings until August 29, 2016.  Dkt. 431.

As of July 20, 2016, Plaintiffs' Counsel had not provided a date for McCarthy's deposition to go forward and had not returned McCarthy's portion of the joint stipulation. Chorba Decl. at ¶¶ 7, 9.

On July 28, 2016, Defendants filed the instant Motion to Compel.  Dkt. 434.  Neither Plaintiffs' Counsel nor McCarthy has filed an opposition.  The matter thus stands submitted.

## II.
## LEGAL STANDARD

In the amendments to the Federal Rules of Civil Procedure effective December 1, 2015, "Rule 1 is amended to emphasize that just as the court should construe and administer these rules to secure the just, speedy, and inexpensive determination of every action, so the parties share the responsibility to employ the rules in the same way."  Fed. R. Civ. P. 1 advisory committee notes (2015 amendments).

Federal Rule of Civil Procedure 26(b) provides that parties may obtain discovery regarding

> any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1).  Relevant information "need not be admissible in evidence to be discoverable." Id.  A court "must limit the frequency or extent of discovery otherwise allowed" if "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party

seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)."  Fed. R. Civ. P. 26(b)(2)(C).

"The court may impose an appropriate sanction – including the reasonable expenses and attorney's fees incurred by any party – on a person who impedes, delays, or frustrates the fair examination of the deponent."  Fed. R. Civ. P. 30(d)(2); see also  F.C.C. v. Mizuho Medy Co., 257 F.R.D. 679, 683 (S.D. Cal. 2009); Biovail Labs., Inc. v. Anchen Pharm., Inc., 233 F.R.D. 648, 655 (C.D. Cal. 2006) (granting motion to compel deposition of non-party where non-party's counsel unreasonably, prematurely terminated deposition, thereby delaying and frustrating the fair examination of the non-party deponent).

Lastly, pursuant to Local Rule 7-12, a party's failure to timely oppose a motion may be deemed consent to the granting of the motion and sanctions are available when a party fails to adequately comply with the applicable Local Rules (e.g., Local Rule 37-2's requirement of cooperation in preparation of a joint stipulation regarding discovery disputes).  L.R. 7-12; 37-4.

## III.
## DISCUSSION

First, the Court finds the documents sought by Defendants are relevant to determining McCarthy's eligibility to represent Miller's interests and the proposed class.  Second, pursuant to Local Rule 7-12, this Court may, and does, interpret the failure to oppose Defendants' Motion to Compel as Plaintiffs' Counsel's and McCarthy's consent to granting the Motion.  Finally, Plaintiffs' Counsel's failure to appear at McCarthy's properly noticed deposition on a date when McCarthy was undeniably available, unjustifiably delayed and frustrated McCarthy's deposition. Moreover, Plaintiffs' Counsel continues to delay and frustrate proper discovery by representing to the Court that McCarthy's deposition would go forward by August 8, 2016.  See Biovail Labs., Inc., 233 F.R.D. at 655.  Thus, this Court now exercises its discretion to GRANT Defendants' unopposed motion to compel McCarthy's deposition and production of documents.

The Court also GRANTS Defendants' request for reasonable expenses incurred in bringing the instant Motion.  While McCarthy appeared for her deposition on June 10, 2016, Plaintiffs' Counsel failed to appear and failed to communicate with McCarthy that the deposition had been continued.  Plaintiffs' Counsel's actions in frustrating and delaying McCarthy's deposition and failure to cooperate in preparation of the joint stipulation, warrant requiring Plaintiffs' Counsel to pay Defendants' reasonable expenses incurred in bringing the instant Motion to Compel.  See F.C.C., 257 F.R.D. at 683; Fed. R. Civ. P. 30(d)(2); L.R. 37-4.

///
///
///
///
///

## IV.
## <u>CONCLUSION</u>

Based upon the foregoing reasons and the failure to file a timely opposition, IT IS THEREFORE ORDERED that:

(1)      Defendants' Motion to Compel is GRANTED.

(2)      McCarthy shall appear for her deposition at Defendants' counsel's office within fourteen (14) days of the date of this Order;

(3)      Counsel for the parties shall meet and confer within three (3) court days of the date of this Order to set the date for McCarthy's deposition;

(4)      Defendants' request for payment of their reasonable expenses incurred in making the Motion to Compel is GRANTED;

(5)      Defendants may file a supplemental brief and declaration regarding the expenses reasonably incurred in making the Motion to Compel no later than seven (7) days from the date of this order and Plaintiffs' Counsel may file a supplemental brief in opposition to the amount of expenses sought within seven (7) from the date of service of Defendants' brief; and

(6)      Plaintiffs' Counsel shall provide a copy of this Order to McCarthy.