UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 04-407-VAP (KKx)** | Date | September 14, 2016 |
| Title | *Jerry Beeman and Pharmacy Services, Inc., et al. v. Anthem Prescription Management, Inc., et al.* | | |

Present: The Honorable   KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE

| DEB TAYLOR | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** Order Awarding Defendants' Reasonable Attorney's Fees and Costs Re: Defendants' Motion to Compel [Dkt. 434]

## I.
## INTRODUCTION

On July 28, 2016, Defendants[1] filed a Motion to Compel proposed class representative Carrie McCarthy ("McCarthy") to produce documents and appear at a deposition ("Motion to Compel"). ECF Docket No. ("dkt.") 434. Defendants also sought their reasonable expenses incurred in bringing the Motion to Compel. Id. Plaintiffs' Counsel[2] failed to timely respond to Defendants' request to meet and confer pursuant to Local Rule 37-1, failed to participate in the preparation of a Joint Stipulation pursuant to Local Rule 37-2, and McCarthy did not file an Opposition to Defendants' Motion to Compel. See dkt. 434-2, Declaration of Christopher Chorba in support of Motion to Compel ("Chorba Decl."), ¶ 9.

---

[1] "Defendants" refers to the non-settling defendants Argus Health Systems, Inc., Benescript Services, Inc., FFI RX Managed Care, First Health Services Corporation d/b/a Virginia First Health Services Corporation, Mede America Corp., National Medical Health Card Systems, Inc., Pharmacare Management Services, Inc., Prime Therapeutics, Restat Corporation, RX Solutions, Inc., Tmsys, Inc., and WHP Health Initiatives, Inc.

[2] "Plaintiffs' Counsel" refers to Alan M. Mansfield of The Consumer Law Group, and Michael A. Bowse of Browne George Ross, LLP.

On August 15, 2016, the Court granted Defendants Motion to Compel. Dkt. 436. The Court further found an award of reasonable attorney's fees and costs to Defendants payable by Plaintiffs' Counsel were warranted and directed the parties to file supplemental briefing regarding the appropriate amount of such award. Id.

On August 22, 2016, Defendants filed declarations from counsel Benjamin J. Fox and Brian H. Newman regarding the fees and costs incurred in preparing and filing the Motion to Compel and requesting an award of $26,675.00 to defendant Argus Health Systems, Inc. and $2,881.00 to defendant Prime Therapeutics.[3] See Dkt. 437, Suppl. Brief; Dkt. 437-1, Fox Decl.; Dkt. 437-2, Newman Decl. According to the declarations, Jeremiah Levine, an associate at Morrison & Foerster LLP, spent a total of 35 hours preparing Defendants' Motion to Compel at an hourly rate of $595.00, Silvia Specht, the senior paralegal at Morrison & Foerster LLP, spent a total of 3.5 hours assisting in preparation of the Motion to Compel at an hourly rate of $350.00, Mr. Fox spent a total of 5 hours reviewing and revising the Motion to Compel at an hourly rate of $925.00, and Mr. Newman spent a total of 6.7 hours at an hourly rate of $430.00. Id.

On August 29, 2016, Plaintiffs' Counsel filed an Opposition to Defendants' fees request with a supporting declaration from Plaintiffs' Counsel, Michael Bowse. Dkt. 441, Opp.; Dkt. 441-1, Bowse Decl. Plaintiffs' Counsel argues for the first time that an award of sanctions against McCarthy is not permitted by Federal Rules of Civil Procedure. Id. Plaintiffs' Counsel does not oppose the specific amount of attorney's fees requested.

On August 30, 2016, Defendants filed a Reply with a supplemental declaration of Mr. Fox. Dkt. 443.

For the reasons set forth below, the Court awards Defendant Argus Health Systems, Inc. reasonable attorney's fees and costs in the sum of $15,750.00 and defendant Prime Therapeutics reasonable attorney's fees and costs in the sum of $2,881.00 payable by Plaintiffs' Counsel.

## II.
## LEGAL STANDARD

"The court may impose an appropriate sanction – including the reasonable expenses and attorney's fees incurred by any party – on a person who impedes, delays, or frustrates the fair examination of the deponent." Fed. R. Civ. P. 30(d)(2); see also F.C.C. v. Mizuho Medy Co., 257 F.R.D. 679, 683 (S.D. Cal. 2009); Biovail Labs., Inc. v. Anchen Pharm., Inc., 233 F.R.D. 648, 655 (C.D. Cal. 2006) (granting motion to compel deposition of non-party where non-party's

---

[3] Defendants also request for the first time in their supplemental brief an award of sanctions in the amount of $22,500.00 pursuant to Title 28 of the United States Code, section 1927. See dkt. 437. The Court declines to consider Defendants' new request, which is beyond the scope of the supplemental briefing ordered.

counsel unreasonably, prematurely terminated deposition, thereby delaying and frustrating the fair examination of the non-party deponent).

Moreover, pursuant to Local Rule 7-12, a party's failure to timely oppose a motion may be deemed consent to the granting of the motion and sanctions are available when a party fails to adequately comply with the applicable Local Rules (e.g., Local Rule 37-2's requirement of cooperation in preparation of a joint stipulation regarding discovery disputes).  L.R. 7-12; 37-4.

When an award of attorney's fees is authorized, the court must calculate the proper amount of the award to ensure that it is reasonable.  Hensley v. Eckerhart, 461 U.S. 424, 433-34 (1983).  Reasonableness is generally determined using the "lodestar" method, where a court considers the work completed by the attorneys and multiplies "the number of hours reasonably expended on the litigation by the reasonable hourly rate."  Gracie v. Gracie, 217 F.3d 1060, 1070 (9th Cir. 2000) (internal citations omitted).  The moving party has the burden to produce evidence that the rates and hours worked are reasonable.  See Intel Corp. v. Terabyte Int'l, 6 F.3d 614, 623 (9th Cir. 1983).

### III.
### DISCUSSION

Here, as set forth in the Order granting Defendants' Motion to Compel, the Court found Plaintiffs' Counsel's actions in frustrating and delaying McCarthy's deposition and failure to cooperate in preparation of the joint stipulation warrant requiring Plaintiffs' Counsel to pay Defendants' reasonable expenses incurred in bringing the Motion to Compel.[4]  See Dkt. 436 (citing F.C.C., 257 F.R.D. at 683; Fed. R. Civ. P. 30(d)(2); L.R. 37-4).  However, as discussed below, the Court finds the amounts requested in Defendants' supplemental briefing to be unreasonable and, thus, reduces the sum to be awarded accordingly.

The Court recognizes preparing the Motion to Compel involved coordinating among defense counsel at multiple law firms, preparing an introduction that summarized over ten years of litigation, and explaining the relevance of sixty requests for production.  See dkt. 434.  While the legal analysis was not particularly complex, defense counsel succinctly provided individualized analysis of each of McCarthy's largely boilerplate objections.  Id.

The Court finds the time Mr. Levine spent preparing Defendants' portion of the Joint Stipulation, 35 hours, to be excessive for a fourth year associate practicing complex litigation, particularly where approximately an additional 5 hours of senior partner time were required to review and revise Mr. Levine's work.  Hence, the Court finds it appropriate to strike 15 hours.  See Hensley, 461 U.S. at 434.

---

[4] The Court declines to reconsider the August 15, 2016 Order granting Defendants' unopposed Motion.

Moreover, the Court finds Mr. Levine's hourly rate of $595.00 to be excessive for a fourth year associate.  "[T]he court may exercise its discretion to determine reasonable hourly rates based on its experience and knowledge of prevailing rates in the community." In re Toys R Us-Delaware, Inc.--Fair & Accurate Credit Transactions Act (FACTA) Litig., 295 F.R.D. 438, 463 (C.D. Cal. 2014).  The relevant community is that in which the district court sits.  See Schwarz v. Sec'y of Health and Human Serv., 73 F.3d 895, 906 (9th Cir. 1995).  After reviewing awards in similar cases, and based on its general knowledge of rates in the Central District of California legal community for attorneys of comparable skill and experience, the Court concludes that the hourly rate Defendants' counsel seeks for Mr. Levine's time is excessive for this case.  The Court finds an hourly rate of $495.00 to be reasonable.  See, e.g., POM Wonderful, LLC v. Purely Juice, Inc., No. CV 07–2633, 2008 WL 4351842, *4 (C.D. Cal. Sept. 22, 2008) (finding rates of $475 to $750 for partners and $275 to $425 for associates reasonable in consumer class action).

In summary, the Court finds the following hours and rates reasonable: Mr. Fox 5 hours at $925.00 per hour, Mr. Levine 20 hours at $495.00 per hour, Ms. Specht 3.5 hours at $350 per hour, and Mr. Newman 6.7 hours at $430 per hour.  Accordingly, the Court finds an award of $15,750.00 to defendant Argus Health Systems, Inc. and $2,881.00 to defendant Prime Therapeutics to be reasonable under the circumstances of this case.

## IV.
## CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiffs' Counsel shall pay as reasonable attorney's fees and costs the sum of $15,750.00 to defendant Argus Health Systems, Inc. and the sum of $2,881.00 to defendant Prime Therapeutics **within ten (10) days of the date of this Order**.