UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 04-407-VAP (KKx)** | Date: | November 17, 2017 |
|---|---|---|---|
| Title: | ***Jerry Beeman and Pharmacy Services, Inc., et al. v. Anthem Prescription Management, Inc., et al.*** | | |

Present: The Honorable   KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE

| DEB TAYLOR | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:   Order Granting Defendant's Motion to Compel [Dkt. 492]**

        On October 19, 2017, Defendant Argus Health Systems, Inc. ("Defendant") filed a Motion to Compel Plaintiffs Carrie McCarthy and Rocida, Inc. ("Plaintiffs") to provide supplemental responses to Interrogatory Nos. 7 and 8 and Request for Production Nos. 26 and 27 ("Motion to Compel").  ECF Docket No. ("Dkt.") 492.  Defendant also seeks its reasonable expenses incurred in bringing the Motion to Compel.  For the reasons set forth below, the Court GRANTS Defendant's Motion to Compel and request for reasonable expenses.

**I.
BACKGROUND**

        On February 25, 2004, the Complaint in the instant action was filed by the several plaintiffs, owners of retail pharmacies, as a putative class action against numerous defendants alleging (1) violation of Section 2527 of the California Civil Code[1]; (2) unlawful, unfair, and

---

[1] Section 2527 of the California Civil Code requires prescription drug claims processors that contract with purchasers of prepaid or insured prescription drug benefits to study the average fees of California pharmacies and to report that information.  Cal. Civ. Code § 2527.  "A violation of Section 2527 may result only in imposition of a civil remedy, which includes, but is not limited to, imposition of statutory damages of not less than one thousand dollars ($1,000) or

fraudulent business acts and practices in violation of Section 17200 of the California Business and Professions Code; and (3) declaratory relief and unjust enrichment. See Dkt. 288 at 2 (Order summarizing Complaint).

At some point prior to February 2008,[2] Defendant served a set of twenty-six interrogatories on the named plaintiffs "on behalf of all defendants." Dkt. 493, Joint Stipulation ("JS"), at 13. Defendant also served Interrogatory Nos. 1 through 6 on plaintiffs on its own behalf. Dkt. 492-1, Declaration of Jeremiah Levine ("Levine Decl."), ¶ 2, Ex. A.

On February 19, 2008, the plaintiffs served responses to Defendant's Interrogatory Nos. 1 through 6. Id.

On April 11, 2016, the plaintiffs served a motion to substitute Carrie McCarthy as successor in interest to the named plaintiff Charles Miller, who died on October 12, 2010. Dkt. 393.

On November 10, 2016, the Court granted the plaintiffs' motion to substitute Ms. McCarthy. Dkt. 455.

On August 2, 2017, Defendant propounded Interrogatory Nos. 7 and 8, and Requests for Production of Documents on Plaintiffs. JS at 3. On September 18, 2017, Plaintiffs served Responses to Interrogatory Nos. 7 and 8 and the Requests for Production of Documents. Id.

On September 21, 2017, Defendant's counsel sent Plaintiffs' counsel a letter explaining the deficiencies in Plaintiffs' Responses and requesting to meet and confer. Levine Decl., ¶ 4. Plaintiffs' counsel did not respond to Defendant's counsel's request to meet and confer. Id. Hence, on October 4, 2017, Defendant's counsel served Plaintiffs' counsel with Defendant's portion of the Joint Stipulation in support of the instant Motion to Compel. Id. ¶ 5.

On October 19, 2017, Defendant filed the instant Motion to Compel with a Joint Stipulation pursuant to Local Rule 37-2. Dkt. 492, Motion; Dkt. 493, JS. On October 19, 2017, Plaintiffs filed a declaration in support of their Opposition to the Motion to Compel. Dkt. 494, Declaration of Michael A. Bowse ("Bowse Decl."). On October 26, 2017, Defendant filed a supplemental brief in support of the Motion to Compel. Dkt. 496. The matter thus stands submitted.

///
///



more than ten thousand dollars ($10,000) depending on the severity or gravity of the violation, plus reasonable attorney's fees and costs, declaratory and injunctive relief, and any other relief which the court deems proper." Cal. Civ. Code § 2528.

[2] Neither party provides dates for when prior discovery requests were served, nor sets forth clearly who they were served on.

## II.
## LEGAL STANDARD

Federal Rule of Civil Procedure 26(b) provides that parties may obtain discovery regarding:

> any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). Relevant information "need not be admissible in evidence to be discoverable." Id. A court "must limit the frequency or extent of discovery otherwise allowed" if "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).

"A party seeking discovery may move for an order compelling an answer, . . . production, or inspection." Fed. R. Civ. P. 37(a)(3)(B)(iii), (iv). "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer or respond." Fed. R. Civ. P. 37(a)(4).

"The party moving to compel bears the burden of demonstrating why the information sought is relevant and why the responding party's objections lack merit." Bluestone Innovations LLC v. LG Elecs. Inc., No. C-13-01770 SI (EDL), 2013 WL 6354419, at *2 (N.D. Cal. Dec. 5, 2013). In addition, "[r]elevancy alone is no longer sufficient to obtain discovery, the discovery requested must also be proportional to the needs of the case." Centeno v. City of Fresno, No. 1:16-CV-653 DAD SAB, 2016 WL 7491634, at *4 (E.D. Cal. Dec. 29, 2016) (citing In re Bard IVC Filters Prod. Liab. Litig., 317 F.R.D. 562, 564 (D. Ariz. 2016)).

"[G]eneral or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections." A. Farber & Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) (faulting defendant for making "boilerplate objections to almost every single request for production, including broad relevancy objections, objections of 'overly burdensome and harassing,' 'assumes facts not in evidence,' privacy, and attorney-client privilege/work product protection").

///
///

---

**III.**
**DISCUSSION**

## A.     INTERROGATORIES

"Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3). "The grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Fed. R. Civ. P. 33(b)(4).

### 1.     Interrogatory No. 7

Interrogatory No. 7 states: "Describe the basis for your contention that [Defendant] has a contractual relationship with purchasers of prepaid or insured prescription drug benefits." JS at 8.

Plaintiffs objected to Interrogatory No. 7 on the grounds it (a) exceeds the number of interrogatories permitted by Federal Rule of Civil Procedure 33(a)(1); (b) is compound; and (c) calls for expert testimony. Id. at 8-9.

### 2.     Interrogatory No. 8

Interrogatory No. 8 states: "Describe in full any harm that you contend you have suffered as a result of the violations of California Civil Code section 2527 that you allege." JS at 14.

Plaintiffs objected to Interrogatory No. 8 on the grounds it (a) exceeds the number of interrogatories permitted by Federal Rule of Civil Procedure 33(a)(1); (b) is compound; (c) calls for expert testimony; (d) is vague regarding the meaning of the term "harm"; and (e) seeks irrelevant information because "harm" is "not a prerequisite to maintain claims under Cal. Civ. Code Section 2527 or the 'unlawful' and 'fraudulent' prongs of Bus. & Prof. Code Section 17200 *et seq.*". Id. at 14-15.

### 3.     Plaintiffs' Objections to Interrogatory Nos. 7 and 8 are Overruled

"Unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." Fed. R. Civ. P. 33(a)(1). "The aim [of the numerical limit] is not to prevent needed discovery, but to provide judicial scrutiny before parties make potentially excessive use of this discovery device." Safeco of Am. v. Rawstron, 181 F.R.D. 441, 443 (C.D. Cal. 1998). Interrogatory subparts are to be counted as one interrogatory "if they are logically or factually subsumed within and necessarily related to the primary question." Id. at 445 (citing Kendall v. GES Exposition Servs., Inc., 174 F.R.D. 684, 685 (D. Nev. 1997)). In addition, "in some instances nominally separate parties should be considered one party for purposes of the 25–interrogatory limitation." Vinton v. Adam Aircraft Indus., Inc., 232 F.R.D. 650, 664 (D. Colo. 2005). However, "the decision to consider

multiple parties as one for the purposes of Rule 33(a) is within the discretion of the court." <u>Rahman v. Smith & Wollensky Rest. Grp., Inc.</u>, No. 06-CIV-6198-LAK (JCF), 2007 WL 1521117, at *8 n.7 (S.D.N.Y. May 24, 2007). Nevertheless, "[l]eave to serve additional interrogatories may be granted to the extent consistent with Rule 26(b)(1) and (2)." Fed. R. Civ. P. 33(a)(1); <u>see also</u> <u>Ott v. Mortg. Inv'rs Corp. of Ohio</u>, No. 3:14-CV-00645-ST, 2015 WL 691643, at *3 (D. Or. Feb. 17, 2015) ("Even if plaintiffs' interrogatories exceeded 25, . . . [p]ermitting the parties to exceed the limit pursuant to FRCP 33(a)(1) is appropriate in this complex proposed class action case involving multiple parties, claims, and affirmative defenses.").

As a preliminary matter, Plaintiffs appear to abandon their objection that Interrogatory Nos. 7 and 8 are compound. <u>See</u> JS. Moreover, to the extent there are arguably any subparts to the interrogatories, the Court finds they "are logically or factually subsumed within and necessarily related to the primary question." <u>See</u> <u>Safeco of Am.</u>, 181 F.R.D. at 445. Therefore, Plaintiffs' objection that the interrogatories are compound is overruled.

Plaintiffs argue the twenty-six interrogatories that were served "on behalf of all defendants" should all be counted in determining the numerical limit of interrogatories to be served by Defendant. JS at 13. The law is not settled regarding how to count interrogatories served jointly by multiple parties. Nevertheless, the Court finds the additional two interrogatories sought here are appropriate and consistent with Rule 26(b)(1). First, both interrogatories seek relevant information. Interrogatory No. 7 is relevant to Plaintiffs' claim that Defendant has a contractual relationship with purchasers of prepaid or insured prescription drug benefits. Interrogatory No. 8 is relevant to Plaintiffs' claim for damages to the extent Plaintiffs seek any damages in excess of the statutory minimum and to any claim for injunctive relief. The Court further finds Plaintiffs' argument that the term "harm" is vague is meritless. Second, the two interrogatories are proportional to the needs of the case. This case involves multiple parties, and has been ongoing for over thirteen years. In addition the various defendants have pursued different defenses and strategies, one of the named plaintiffs recently changed, and the last set of interrogatories served by Defendant before the two at issue was in 2008. Hence, the Court overrules Plaintiffs' objection that the number of interrogatories is excessive because the additional two interrogatories are "relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).

Finally, Plaintiff's argument that the interrogatories may call for expert testimony does not justify Plaintiffs' failure to respond. Plaintiffs are correct that "a party may not, by interrogatories or deposition, discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or to prepare for trial and who is not expected to be called as a witness at trial." Fed. R. Civ. P. 26(b)(4)(D). However, unless "only an expert would be qualified to address this information," <u>see</u> <u>Gorrell v. Sneath</u>, 292 F.R.D. 629, 633 (E.D. Cal. 2013), Plaintiffs must respond fully and completely to the best of their knowledge, based on this information they have to date. <u>See</u> <u>Sony Corp. v. Vizio, Inc.</u>, No. SACV 08-1135-RGK (FMOx), 2009 WL 10675358, at *2 (C.D. Cal. Oct. 23, 2009) (overruling objection that discovery requests are premature because they call for expert discovery and holding "the parties must respond fully and completely to all discovery requests to the best

of their knowledge, based on the information they have to date"). Here, Plaintiffs do not argue, and it is not apparent from the face of the interrogatories, that the information sought could *only* be addressed by an expert. Hence, Plaintiffs' objection that the interrogatories call for expert testimony is overruled.

## B.        REQUESTS FOR PRODUCTION

Responses to requests for production "must be complete, explicit and responsive. If a party cannot furnish details, he should say so under oath, say why and set forth the efforts he used to obtain the information. He cannot plead ignorance to information that is from sources within his control." Hash v. Cate, No. C 08-03729 MMC (DMR), 2012 WL 6043966, at *2 (N.D. Cal. Dec. 5, 2012). The requesting party "is entitled to individualized, complete responses to each of the requests . . . , accompanied by production of each of the documents responsive to the request, regardless of whether the documents have already been produced." Louen v. Twedt, 236 F.R.D. 502, 505 (E.D. Cal. 2006).

### 1.        Request for Production No. 26

Request for Production No. 26 states: "Produce all materials supporting your contention that [Defendant] has a contractual relationship with 'purchasers of prepaid or insured prescription drug benefits' as that phrase is used in California Civil Code section 2527." JS at 19.

Plaintiffs objected to Request for Production No. 26 on the grounds (a) Defendant is in possession of the responsive documents; (b) the request seeks attorney work product; and (c) the request calls for expert testimony. JS at 19-20.

### 2.        Request for Production No. 27

Request for Production No. 27 states: "Produce all materials demonstrating any harm that you contend you have suffered as a result of the violations of California Civil Code section 2527 that you allege." JS at 23.

Plaintiffs objected to Request for Production No. 27 on the grounds (a) Defendant is in possession of the responsive documents; (b) the request seeks attorney work product; (c) the request calls for expert testimony; (d) the request is vague regarding the meaning of the term "harm"; and (e) the request seeks irrelevant information because "harm" is "not a prerequisite to maintain claims under Cal. Civ. Code Section 2527 or the 'unlawful' and 'fraudulent' prongs of Bus. & Prof. Code Section 17200 *et seq.*". Id. at 23-24.

///
///
///

### 3. Plaintiffs' Objections to Request for Production Nos. 26 and 27 are Overruled

First, for the same reasons discussed above, the Court finds Plaintiffs' objections on the grounds the requests call for expert testimony, seek irrelevant information, and that the term "harm" is vague are overruled.

Second, Plaintiffs' objection that Defendant is in possession of the responsive documents does not satisfy Plaintiffs' duty to undertake a diligent search and reasonable inquiry in order to adequately respond to requests for production. See Garcia v. Bana, No. C 11-02047 LB, 2012 WL 2119157, at *10 (N.D. Cal. June 9, 2012) (finding discovery responses insufficient where responding party that stated it had no documents in its possession, custody or control, failed to also state that a diligent search and reasonable inquiry have been made in an effort to locate the documents requested); Choudhuri v. Wells Fargo Bank, N.A., No. 15-CV-03608-VC (KAW), 2017 WL 1738034, at *2 (N.D. Cal. May 4, 2017) ("[W]hether documents are already in Defendant's possession is not the basis of a proper objection."). Plaintiffs have not shown responding to these two requests for production would be overly burdensome or disproportionate to the needs of the case. To the extent Plaintiffs do not have any additional responsive documents in their possession, custody, or control, they must state that they have conducted a diligent search and reasonable inquiry, including the steps undertaken in such search.

Finally, to the extent Plaintiffs withhold any documents on the grounds of attorney client privilege or the attorney work product doctrine, they must provide a privilege log pursuant to Federal Rule of Civil Procedure 26(b)(5).

## C. DEFENDANTS' REQUEST FOR REASONABLE EXPENSES IS GRANTED

Under Rule 37(a)(5)(A), if a motion to compel is granted, the Court "must" require the party whose conduct necessitated the motion, or the attorney advising the conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees, unless the motion was substantially justified or other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A). In addition, failure to engage in good faith discussions may result in sanctions pursuant to Local Rule 37-4. L.R. 37-4.

Here, Defendant's Motion to Compel is granted in its entirety, and Plaintiffs' objections were not substantially justified. While the Court has acknowledged that the law regarding the number of interrogatories is not well settled, Plaintiffs' refusal to meet and confer regarding their frivolous and boilerplate objections makes an award of reasonable expenses appropriate. Hence, Defendant's request for reasonable expenses is GRANTED.

///
///
///

**IV.**
**CONCLUSION**

Based upon the foregoing reasons, **IT IS THEREFORE ORDERED** that:

(1)     Defendant's Motion to Compel is **GRANTED**;

(2)     ***Within ten (10) days of the date of this Order***, Plaintiffs shall provide the following to Defendant:

>   (a)  Verified supplemental responses to Interrogatory Nos. 7 and 8; and

>   (b)  Supplemental responses to Request for Production Nos. 26 and 27 as well as any responsive documents;

(3)     Defendant's request for payment of their reasonable expenses incurred in making the Motion to Compel is GRANTED; and

(4)     Defendant may file a supplemental brief and declaration regarding the expenses reasonably incurred in making the Motion to Compel **no later than seven (7) days** from the date of this order, and Plaintiffs may file a supplemental brief in opposition **within seven (7) days** from the date of service of Defendant's brief.