UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 04-407-VAP (KKx)** | Date | December 5, 2017 |
|---|---|---|---|
| Title | ***Jerry Beeman and Pharmacy Services, Inc., et al. v. Anthem Prescription Management, Inc., et al.*** | | |

Present: The Honorable  KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE

| DEB TAYLOR | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** Order Awarding Defendant's Reasonable Attorney's Fees and Costs Re: Defendant's Motion to Compel [Dkt. 492]

# I.
# INTRODUCTION

On October 19, 2017, Defendant Argus Health Systems, Inc. ("Defendant") filed a Motion to Compel Plaintiffs Carrie McCarthy and Rocida, Inc. ("Plaintiffs") to provide supplemental responses to Interrogatory Nos. 7 and 8 and Request for Production Nos. 26 and 27 ("Motion to Compel"). ECF Docket No. ("Dkt.") 492. Defendant also sought its reasonable expenses incurred in bringing the Motion to Compel. Id.

On November 17, 2017, the Court granted Defendant's Motion to Compel and directed the parties to file supplemental briefing regarding the appropriate amount of an award of reasonable expenses incurred in bringing the Motion to Compel. Dkt. 498.

On November 24, 2017, Defendant filed a Supplemental Brief and declaration from counsel, Benjamin J. Fox, regarding the fees and costs incurred in preparing and filing the Motion to Compel and requesting an award of $22,577.00 to Defendant. See Dkt. 499, Suppl. Brief; Dkt. 500, Declaration of Benjamin J. Fox ("Fox Decl."). According to the declaration, Jeremiah Levine, an associate, spent a total of 28 hours preparing Defendant's Motion to Compel at an hourly rate of $650.00, Niles Pierson, an associate, spent a total of 4 hours researching the issue of joint versus individual interrogatories at an hourly rate of $485.00, and Mr. Fox spent a total of

2.5 hours reviewing and revising the Motion to Compel at an hourly rate of $975.00. Fox Decl., ¶¶ 2-5.

On November 29, 2017, Plaintiffs' Counsel[1] filed an Opposition to Defendant's fees request with a supporting declaration from Plaintiffs' Counsel, Michael Bowse. Dkt. 501, Opp.; Dkt. 501-1, Bowse Decl. Plaintiffs' Counsel argues the hours spent, hourly rates, and the amount requested are not reasonable. See Opp.

On November 30, 2017, Defendant filed a Reply. Dkt. 443.

For the reasons set forth below, the Court awards Defendant reasonable attorney's fees and costs in the sum of $11,182.50 payable by Plaintiffs and Plaintiffs' Counsel, jointly and severally.

## II.
## LEGAL STANDARD

Under Rule 37(a)(5)(A), if a motion to compel is granted, the Court "must" require the party whose conduct necessitated the motion, or the attorney advising the conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees, unless the motion was substantially justified or other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A). In addition, failure to engage in good faith discussions may result in sanctions pursuant to Local Rule 37-4. L.R. 37-4.

When an award of attorney's fees is authorized, the court must calculate the proper amount of the award to ensure that it is reasonable. Hensley v. Eckerhart, 461 U.S. 424, 433-34 (1983). Reasonableness is generally determined using the "lodestar" method, where a court considers the work completed by the attorneys and multiplies "the number of hours reasonably expended on the litigation by the reasonable hourly rate." Gracie v. Gracie, 217 F.3d 1060, 1070 (9th Cir. 2000). At the outset, "[t]he fee applicant bears the burden of documenting the appropriate hours expended in litigation and must submit evidence in support of those hours worked." Gates v. Deukmejian, 987 F.2d 1392, 1397 (9th Cir. 1992). "The party opposing the fee application has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in submitted affidavits." Common Cause v. Jones, 235 F. Supp. 2d 1076, 1079 (C.D. Cal. 2002) (first quoting Deukmejian, 987 F.2d at 1397; and then quoting Toussaint v. McCarthy, 826 F.2d 901, 904 (9th Cir. 1987)).

///
///
///

---

[1] "Plaintiffs' Counsel" refers to Alan M. Mansfield of The Consumer Law Group, and Michael A. Bowse of Browne George Ross, LLP.

# III.
# DISCUSSION

Here, as set forth in the Order granting Defendant's Motion to Compel, the Court found Plaintiffs' objections were not substantially justified and Plaintiffs' Counsel's failure to meet and confer warrant requiring Plaintiffs and Plaintiffs' Counsel, jointly and severally, to pay Defendant's reasonable expenses incurred in bringing the Motion to Compel. See Dkt. 498 (citing Fed. R. Civ. P. 37(a)(5)(A); L.R. 37-4). However, as discussed below, the Court finds the amounts requested in Defendant's supplemental briefing to be unreasonable and, thus, reduces the sum to be awarded accordingly.

There were only four discovery requests at issue. Moreover, Plaintiffs' opposition to supplementing responses consisted of essentially identical boilerplate objections. The Court recognizes preparation of the Motion to Compel involved summarizing years of litigation, and Plaintiffs' Counsel unnecessarily drew out the discovery process by failing to respond or timely communicate with Defendant's counsel and failing to oppose the majority of the Motion to Compel. However, in light of both the numerical and substantive simplicity of the issues, the Court finds the time Mr. Levine spent preparing Defendants' portion of the Joint Stipulation excessive. First, 28 hours appears inefficient and excessive for a fifth year associate practicing complex litigation. Second, the relevant legal research regarding how to count interrogatories served on behalf of multiple defendants was conducted by a different associate. Hence, the Court finds it appropriate to strike 14 hours of Mr. Levine's time. See Hensley, 461 U.S. at 434.

In addition, consistent with the Court's prior ruling granting attorney's fees, the Court finds it appropriate to reduce Mr. Fox's rate to $925.00 and Mr. Levine's rate to $495.00. See Dkt. 449.

In summary, the Court finds the following hours and rates reasonable: Mr. Fox 2.5 hours at $925.00 per hour, Mr. Levine 14 hours at $495.00 per hour, and Mr. Pierson 4 hours at $485.00 per hour. Accordingly, the Court finds an award of $11,182.50 to Defendant to be reasonable under the circumstances of this case.

# IV.
# CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiffs and Plaintiffs' Counsel, jointly and severally, shall pay as reasonable attorney's fees and costs the sum of $11,182.50 to Defendant **within thirty (30) days of the date of this Order**.